IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| MATTHEW C. BASSETT, | ) | **CIVIL NO. 18-00475 JMS-KJM** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAII DISABILITY RIGHTS | ) | **MEMORANDUM IN SUPPORT** |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.   STATEMENT OF FACTS.

Plaintiff was employed as the Director of Litigation from on or about

July 1999 to July 13, 2018.  See Lou Erteschik Dec., ¶ 3 (hereinafter

"Erteschik Dec., ¶") On July 13, 2018, Plaintiff was terminated for continual

unacceptable behavior in violation of HAWAII DISABILITY RIGHTS

CENTER's (hereinafter "HDRC") policies and procedures contained in the

employee handbook.  See Erteschik Dec., ¶ 6. Plaintiff signed receipt for

HDRC's policies and procedures on multiple occasions over the years.  One

of Plaintiff's job duties was to provide legal advice to the Board of Directors

including but not limited to Andrew Grant, Maryellen Markley, and then

Director Shawn A. Luiz, Esq., HDRC Management including the Executive

Director Lou Erteschik and then Director of Operations Ann Collins, and

1

Junior Attorneys and Advocates.  <u>See</u> Erteschik Dec., ¶ 4. Exhibits "1" and "2".

After Plaintiff engaged in numerous and continually acts of unprofessional behavior, and was continually abusive, disrespectful, and made false and malicious statements to and/or about Board members, management, co-employees and even clients, Plaintiff's employment was terminated on July 13, 2018.  <u>See</u> Erteschik Dec., ¶ 5, 6.

On July 16, 2018, Plaintiff made a claim for unemployment benefits to which HDRC objected. Initially, the State awarded Plaintiff unemployment benefits not knowing whether Plaintiff's behavior in the workplace was intentional or not. Erteschik Dec., ¶ 7.

On August 22, 2018, HDRC appealed the decision. On December 24, 2018, following a two-day trial with five witnesses and numerous exhibits, an Unemployment Hearings Officer issued findings that Plaintiff engaged in false and malicious statements to/about Board members, management, co-employees and clients and was discharged for misconduct. The Hearings Officer also found no credibility and no evidence to Plaintiff's claims of being a victim of sexual harassment or being a whistleblower. See Erteschik Dec., ¶ 8; Exhibit 3.

## II.   THE FIRST AMENDED COMPLAINT (FAC) SHOULD BE DISMISSED AS THE FAC VIOLATES FEDERAL RULES OF CIVIL

**PROCEDURE, RULE 8(A)'S SHORT PLAIN STATEMENT
REQUIREMENT.**

On December 4, 2018, Plaintiff filed a 138-page complaint with 526

plus paragraphs. <u>See</u> Plaintiff's Complaint filed December 4, 2018. The First

Amended Complaint (FAC) is far worse as it is comprised of 195 pages with

930 paragraphs. Prior to filing a First Amended Complaint, Plaintiff made

the representation to Erteschik that the proposed Amendment would <u>only</u>

correct typos. <u>See</u> Lou Erteschik Dec., ¶ 9; Exhibit 4 (Plaintiff's admission

and representation).

Rule 8 of the Federal Rules of Civil Procedure, entitled "general rules

of pleading" provides:

(a) **Claim for relief.** A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction,
unless the court already has jurisdiction and the new claim needs no
jurisdictional support;
(2) a short plain statement of the claim showing that the pleader is entitled to
relief; and
(3) a demand for the relief sought which may include relief in the alternative
for different types of relief.

<u>See</u> FRCP, Rule 8.

Dismissal may be warranted for excessive verbosity which is itself a

violation of rule 8(a)'s "short and plain" requirements. <u>See</u> e.g. *Knapp v.*

*Hogan*, 738 F. 3d 1106, 1109 (9th Cir. 2013) (Rule 8 can be violated both

when a pleading "says too little" and when it "says too much"); *Cafasso,*

*U.S. ex.rel. v. General Dynamics C4 Sys. Inc.*, 637 F. 3d 1047, 1058-59 (9th Cir. 2011)(dismissal without leave to amend proper because 'district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations"); *Mann v. Boatright*, 477 F. 3d 1140, 1147-48 (10th Cir. 2007) (99-page, single-spaced pleading failed to meet "a short and plain statement" standard, justifying dismissal); *U.S. ex. rel. Garst v. Lockheed Martin Corp.*, 328 F. 3rd 374, 378 (7th Cir. 2003) (finding no error when trial judge, after "wading through" four complaints and an ensuing statement, properly dismiss plaintiff's "distended" 400-paragraph, 155-page pleading accompanied by 99 attachments); *Itiowe v. U.S. Gov.'t*, 650 Fed. Appx. 100, 103 (3d Cir. 2016)(proper to dismiss complaint "so unfocused as to be unintelligible"); *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000)( Federal Rule of Civil Procedure 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." ) *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)(Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and

clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." Id. at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." Id. at 1179.

In pertinent part, Rule 8 provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "each averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.Proc. 8(e)(1). The averments should be plain in order to give the adverse party fair notice of the claims asserted and they should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).

Where a complaint fails to meet the requirements of Rule 8, a court may strike those portions that are redundant or immaterial pursuant to Fed.R.Civ.P. 12(f), or it may dismiss the complaint, either granting leave to amend under Fed.R.Civ.P. 15(a) or dismissing outright. *Salahuddin,* 861 F.2d at 42. The court has the discretion to deny leave to amend "and its decision is not subject to review on appeal except for abuse of

discretion...." *Id.* (quoting 3 *Moore's Federal Practice*¶ 15.08[4] at 15-64

(2d ed. 1987)). *see Prezzi v. Schelter,* 469 F.2d 691 (2d Cir.1972) (per

curiam), *cert. denied,* 411 U.S. 935, 93 S. Ct. 1911, 36 L. Ed. 2d 396 (1973)

(finding dismissal of prolix and incomprehensible complaint appropriate

where amended complaint failed to cure prolixity).

Courts have long held that "needlessly long" pleadings, or pleadings

that are "highly repetitious or confused, or consist[] of incomprehensible

rambling," should be dismissed for failing to comply with Rule 8.  Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217, at

247-52 (3d ed. 2004). Even "in the context of a multiparty multiclaim

complaint, each claim should be stated as succinctly and plainly as possible

even though the entire pleading may prove to be long and complicated by

virtue of the number of parties and claims." Id. at 246.

Dismissal with prejudice is warranted if the plaintiff repeatedly

violates the Rule. See, e.g., *Kuehl v. FDIC,* 8 F.3d 905, 908 (1st Cir. 1993).

Sound policy considerations underlay Rule 8's brevity requirement.

As one court observed, "[a] complaint that is prolix and/or confusing makes

it difficult for the defendant to file a responsive pleading and makes it

difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v.*

*Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775-76 (7th Cir. 1994). Briefing

and arguing motions to dismiss can become unwieldy, as can answering such complaints. In short, "[p]rolix, confusing complaints … impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

In *Vtech Holdings Limited v. PricewaterhouseCoopers*, LLP, No. 03-CIV-1413 (LAK), 2003 WL 21756623 (S.D.N.Y. July 30, 2003), a fraud case whose pleadings were governed by the particularity strictures of Rule 9(b), the court dismissed a 113-page, 179-paragraph complaint in part because it violated Rule 8. The court described the complaint as "verbose and repetitious" and that it "repeat[ed] endlessly various stock phrases that convey[ed] no new meaning." *Id.* at *1

In *Feeney v. Mego Mortgage Corp.*, 45 F. Supp. 2d 1356 (N.D. Ga. 1999), the court likewise held that a securities fraud complaint failed to comply with Rule 8's brevity requirement because "[c]ontrary to [Rule 8(a)'s] requirements, the [complaint] is replete with lengthy, argumentative assertions such as are more appropriately reserved for jury summation." Id. at 1357.

Similarly, in *In re Leapfrog Enterprises, Inc. Securities Litigation*, No. C-03-05421 RMW, 2006 WL 2192116 (N.D. Cal. Aug. 1, 2006), the court dismissed the action for failure to comply with the PSLRA and noted

that the complaint had failed to comply with Rule 8. The court "expressed concern that the manner in which the 147-page consolidated amended complaint is arranged makes it difficult, if not impossible, to evaluate the pleadings and determine whether the requirements of the [PSLRA] are met" and emphasized that "a heightened pleading standard need not translate to a lengthy complaint." Id. at *1, *3.

Several courts have concluded that Rule 8 imposes an independent limit on the length of a complaint, even if the complaint otherwise provides "fair notice" to the defendant of the asserted claims. For example, when the plaintiffs sought to amend their complaint with respect to certain defendants in *In re Parmalat*—extending the complaint to 389 pages and 1,323 paragraphs—the court noted that the plaintiffs' complaint was "the very antithesis of the 'short and plain statement of the claim'" required by Rule 8. *In re Parmalat Sec. Litig.*, 414 F. Supp. 2d 428, 442 (S.D.N.Y. 2006). Despite "the fact that the PSLRA and Rule 9(b) require particularity in pleading some aspects of plaintiffs' claims," and that the case was "particularly complicated," the court stated that the pleading failed to comply with Rule 8. Id.  Such a lengthy complaint, the court observed, "has delayed, and may continue to delay, resolution of the action," would "multiply the extent and cost of discovery" and would create the "potential

for confusion and the difficult[y] of comprehension" of "epic" proportions if the case were ever tried to a jury. Id.

Similarly, in *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 272 F. Supp. 2d 243 (S.D.N.Y. 2003), the court refused to allow plaintiffs to file an amended complaint (the earlier complaint had been dismissed for failure to plead loss causation and scienter with particularity) because the "proposed second consolidated amended complaint is 112 pages long, contains 424 paragraphs, and is in clear violation of Federal Rule of Civil Procedure 8(a), which mandates that pleading shall consist of a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 268.  See also *In re Merrill Lynch & Co. Inc. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (dismissing 98-page, 367-paragraph complaint because it contained "prolix, discursive, redundant, argumentative, and disjointed assertions").

As Plaintiff's complaint violates FRCP, Rule 8, Plaintiff's FAC should be dismissed.

In the alternative, plaintiff's claims are barred by the applicable statute of limitations period, or for failure to state a claim as set forth below.

## III.   LEGAL STANDARDS OF REVIEW.

Under Rule 12(b)(6), a defendant may move to dismiss a complaint

for "failure to state a claim upon which relief can be granted." Fed. R. Civ.

P. 12(b)(6), 8(a)(2). In order to survive such a motion, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009). "This standard does not rise to the level of a

probability requirement, but it demands 'more than a sheer possibility that

a defendant has acted unlawfully.'" *Landers v. Quality Commc'ns, Inc.*, 771

F.3d 638, 641 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1845, 191 L. Ed. 2d

754 (2015)(quoting *Iqbal*, 556 U.S. at 678). A plaintiff need not detail all

factual allegations, but the complaint must provide "more than labels and

conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007). While the court must assume all facts

alleged in a complaint are true and view them in a light most favorable to the

nonmoving party, it need not accept as true any legal conclusion set forth in

the complaint. *Iqbal*, 556 U.S. at 678. A court generally may not consider

any material beyond the pleadings when deciding a Rule 12(b)(6) motion to

dismiss. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) *overruled on*

*other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir.

2002); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); Fed. R. Civ.

P. 12(d). The court may only consider the extrinsic evidence by converting the motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) *overruled on other grounds by Galbraith*, 307 F.3d 1119 (9th Cir. 2002); Fed. R. Civ. P. 12(d).

By contrast, "unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider [outside] facts and need not assume the truthfulness of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006); *see Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction to hear the claims at issue. Fed. R. Civ. P. 12(b)(1). Specifically, a court may look beyond the pleadings when a defendant brings a "factual attack" disputing the substance of the allegations in a complaint as they pertain to subject matter jurisdiction. *Edison*, 822 F.3d at 517; *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). Generally, a federal court has subject matter jurisdiction over an action if it arises under the Constitution or federal law, or if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Other factors, including certain immunities, also affect the court's ability to hear

the case. See 28 U.S.C. §§ 1331, 1332(a). If a court determines it lacks

subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

*Williams v. Grant Cty.*, No. 2:15-CV-01760-SU, 2016 U.S. Dist. LEXIS

123078, at *4-7 (D. Or. Sep. 12, 2016)

## IV.   PLAINTIFF'S ALLEGED TITLE VII SEX DISCRIMINATION CLAIMS (COUNTS 1, 3, 4 AND 8) ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND MUST BE DISMISSED.

Plaintiff's Title VII sex harassment claims are barred by the statute of

limitations and must be dismissed. Prior to pursuing a Title VII sex

harassment claim in court, a Plaintiff must first exhaust administrative

remedies by filing a claim with the EEOC.  Looking in a light most

favorable to the non-moving party, Plaintiff claims he was sexually harassed

at a conference in June of 2016.  Plaintiff, however, did not commence a

claim with the EEOC until July 1, 2018.  See Plaintiff's Complaint filed

December 4, 2018 at ¶¶ 6, 7, 8 which constitute binding admissions. See

also Plaintiff's FAC at ¶¶ 56-113.

Enforcement of Title VII is commenced by filing an administrative

charge, a requirement that is mandatory and "impervious to judicial

discretion". *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.

Ct. 2061, 153 L.Ed.2d 106 (2002).

## V.   PLAINTIFF FAILED TO TIMELY EXHAUST ADMINISTRATIVE REMEDIES.

Plaintiff's Title VII claim fails because Plaintiff failed to timely exhaust his administrative remedies.  "*Timely exhaustion* of administrative remedies is a statutory prerequisite to filing suit under *Title VII*." *Ilaw v. Daughters of Charity Hlth Sys.*, 2012 U.S. Dist. LEXIS 14140, 2012 WL 381240, at *4 (N.D. Cal. Feb. 6, 2012) (citing *Sommatino v. United States*, 255 F.3d 704, 707-08 (9th Cir. 2001)), *aff'd*, 585 F. App'x 572 (9th Cir. 2014).

"Under *Title VII*, *timely exhaustion* occurs when the plaintiff files a charge with the EEOC 'within *one hundred and eighty days* after the alleged unlawful employment practice occurred.'" *Chappell*, 2016 U.S. Dist. LEXIS 149293, 2016 WL 6277249, at *4 (quoting 42 U.S.C. § 2000e-5(e)(1)). "If, however, a plaintiff has initially instituted proceedings with a state or local agency with authority to grant relief from the allegedly unlawful employment practice, a plaintiff has 'three hundred days after the alleged unlawful employment practice occurred' to file a charge with the EEOC, or a plaintiff has 'thirty days after receiving notice that the state or local agency has terminated the proceedings under State or local law, whichever is earlier.'" *Id.*

Plaintiff does not allege that Plaintiff ever instituted proceedings with a federal or state or local agency within 180 days. *See generally* FAC. Accordingly, in order to **timely exhaust** his administrative remedies, Plaintiff was required to file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). ***That date would have been December 16, 2016 at the very latest.*** Plaintiff did not commence a claim with the EEOC until July 1, 2018. Accordingly, Plaintiff's sex discrimination/harassment claims are time barred as Plaintiff's *Title VII* claim accrued at the time that Plaintiff claims he was sexually harassed by the Director of Operations at the Baltimore Maryland Conference on June 16, 2016. *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008)). Plaintiff alleges that he was sexually harassed by the Director of Operations at the Baltimore Maryland Conference on June 16, 2016. FAC ¶¶ 56-113. Thus, Plaintiff's claim accrued in the first week of June 16, 2016. *See Chappell*, 2016 U.S. Dist. LEXIS 149293, 2016 WL 6277249, at *5. However, Plaintiff did not file a charge with the EEOC until over two years after the alleged June 16, 2016 sexual harassment. See FAC ¶ 5. Accordingly, Defendants respectfully request this Honorable Court enter an order dismissing Plaintiff's FAC, "from the face of Plaintiff's [complaint],

as Plaintiff failed to timely file a charge with the EEOC within the time

window required by *Title VII*." *See Chappell*, 2016 U.S. Dist. LEXIS

149293, 2016 WL 6277249, at *5.

## VI.   PLAINTIFF FAILED TO PLEAD ANY PLAUSIBLE FACTS ENTITLING PLAINTIFF TO RELY UPON PRINCIPLES OF EQUITABLE DOCTRINES SUCH AS TOLLING OR ESTOPPEL.

*Title VII's* "time period for filing a charge remains subject to

application of equitable doctrines such as tolling or estoppel." *Nat'l R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed.

2d 106 (2002). "Where the running of the statute of limitations appears on

the face of a complaint, a plaintiff must allege facts to support a *plausible*

claim that the equitable tolling doctrine applies in order to survive a motion

to dismiss brought under Federal Rule of Civil Procedure 12(b)(6)." *Ilaw*,

2012 U.S. Dist. LEXIS 14140, 2012 WL 381240, at *4 n. 4. See FAC ¶¶ 56-

113.

## VII.   PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING.

"A party asserting equitable tolling must demonstrate that: (1) he has

been diligent in pursuing his rights, and (2) extraordinary circumstances

prevented him from filing on time." *Ilaw*, 2012 U.S. Dist. LEXIS 14140,

2012 WL 381240, at *5. The doctrine of equitable tolling "is to be applied

sparingly and is reserved only for 'extreme cases,' which is typically only

'when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, [or] when the EEOC's notice of the statutory period was clearly inadequate." *Id.* (quoting *Scholar v. Pac Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992)).

Plaintiff failed to allege any ***plausible*** factual allegations that show that any "extraordinary circumstances" are present here such that Plaintiff is entitled to equitable tolling. *Ilaw*, 2012 U.S. Dist. LEXIS 14140, 2012 WL 381240, at \*5. Under the time limits provided in **Title VII**, Plaintiff needed to file an EEOC charge within 180 days of the date that the alleged discrimination occurred, which would be **June 16, 2016** which equals **December 16, 2016** at the very latest. *See* 42 U.S.C. § 2000e-2(a)(1) (stating that a Plaintiff must file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred.").

Accordingly, by July 1 of 2018, the date that Plaintiff commenced fling a claim with the EEOC, the time window for Plaintiff to file a charge with the EEOC had already passed. *See* FAC, at 5. No facts in the FAC show that Plaintiff is entitled to equitable tolling. See FAC ¶¶ 56-113. As stated above, the doctrine of equitable tolling is limited to only "extreme cases," such as when a Defendant has "tricked [an] adversary into letting a

deadline expire." *Ilaw*, 2012 U.S. Dist. LEXIS 14140, 2012 WL 381240, at *5-6. By contrast, as the Ninth Circuit has noted, "[c]ourts have been generally unforgiving . . . when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Scholar*, 963 F.2d at 268 (quoting *Irwin*, 111 S. Ct. at 458). The allegations in Plaintiff's FAC, taken in the light most favorable to Plaintiff, show only that Plaintiff believed that Defendant discriminated against him, that Plaintiff contacted Defendant about this allegation, that Defendant investigated Plaintiff's allegations, and that Plaintiff attempted to settle the matter with Defendant, who refused. Plaintiff does not allege any facts that suggest that Defendant "tricked" Plaintiff into not filing a charge with the EEOC, or that Defendant was otherwise responsible for Plaintiff allowing the EEOC filing deadline to expire. *See Ilaw*, 2012 U.S. Dist. LEXIS 14140, 2012 WL 381240, at *5-6. Accordingly, Plaintiff is not entitled to equitable tolling.

In sum, Plaintiff has not pled the existence of any extraordinary circumstances that prevented Plaintiff from filing a charge of discrimination with the EEOC within the time limit required by Title VII. Plaintiff has not shown an entitlement to equitable tolling, and therefore his FAC must be dismissed with prejudice. See FAC ¶¶ 56-113.

**VIII. LEAVE TO AMEND SHOULD BE DENIED.**

Granting Plaintiff leave to file a second amended complaint against Defendant would be futile. *Leadsinger*, 512 F.3d at 532; *see also Ilaw*, 2012 U.S. Dist. LEXIS 14140, 2012 WL 381240, at *8 (dismissing without leave to amend a plaintiff's second amended complaint where the Court had dismissed plaintiff's first amended complaint as time barred and the plaintiff failed to allege in its second amended complaint a basis for equitable tolling). Accordingly, Plaintiff's FAC must be *DISMISSED WITH PREJUDICE.*

## IX.   TITLE VII PROHIBITS NAMING INDIVIDUALS AS DEFENDANTS.

Under *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 588 (9th Cir. 1993), *cert. denied,* U.S. (1994), individuals are not proper defendants under Title VII. In *Miller,* the Ninth Circuit held that individuals are subject to suit under Title VII only in their official capacities, under a theory of *respondeat superior. Id.* at 587.

Plaintiff naming individuals in this Title VII lawsuit is gravely misguided and in violation of FRCP Rule 11. The holding of *Miller* is clear, unequivocal, and binding on this court, namely that individual employees are not subject to liability under Title VII.

The claims against the named individuals must be dismissed with prejudice.

## X.   THE HAWAII NON-PROFIT ACT (HRS 414 D) LIKEWISE BARS PLAINTIFF'S CLAIMS AGAINST ALL BOARD MEMBERS IN THEIR INDIVIDUAL CAPACITY.

The powers and duties of the board of directors and officers of a nonprofit are generally set forth in the nonprofit's bylaws, which typically provide how the affairs of the nonprofits are to be managed by the Board of Directors and include a list of powers and duties. State law also sets forth general powers and duties of a nonprofits board of directors. Hawaii's nonprofit act chapter 414 D-149(a) describes the fiduciary obligations of directors: the four duties include (1) the duty of good faith; (2) the duty of loyalty to the corporation; (3) the duty of obedience and the duty of diligence and due care to rise above self-interest and act in a manner consistent with the Association's best interest; (4) and a requirement to act as an ordinarily reasonable prudent person would in similar circumstances, i.e. considering all necessary information for making the decisions and should consult with experts when necessary.

Plaintiff has failed to allege any plausible facts under *Twombly/Iqbar* that entitle him to relief because the Board of Directors owes no duty to Plaintiff.  Rather the Board of Directors only owes a duty to the corporation, HDRC.  Therefore, if there is no duty, there can be no breach, causation or damages to analyze.

The claims against the named individual Board members must be dismissed with prejudice.

## XI.   PLAINTIFF'S ALLEGED TITLE VII DERIVATIVE RETALIATION CLAIMS ARISING THEREFROM (COUNT 2 AND 8) IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND MUST BE DISMISSED.  IN THE ALTERNATIVE, COUNT 2 MUST BE DISMISSED AS PLAINTIFF HAS PLED NOTHING PLAUSIBLE UNDER *BELL ATLANTIC CORP V. TWOMBLY*, 550 U.S. 544 (2007) AND *ASHCROFT V. IQBAL*, *556 U.S. 662 (2009).*

To establish a prima facie case of retaliation, plaintiff must show (1) protected activity; (2) adverse employment action; and (3) a causal link between the two.  *Yartzoff v. Thomas,* 809 F.2d 1371 (9th Cir. 1987).

Plaintiffs' first requirement is to show that they engaged in some form of protected activity. The filing of a discrimination complaint with the Equal Employment Opportunity Council (EEOC), state agencies, or the Department administration easily satisfies this requirement. In addition, protected activity includes the informal expression of opposition to alleged sexual harassment, such as verbal complaints to a supervisor. See *EEOC v. Hacienda Hotel,* 881 F.2d 1504 (9th Cir. 1989) (finding protected activity where employee complained to the general manager of a hotel about her supervisor's refusal to adjust her schedule to accommodate her religious practices). Plaintiffs must have notified their supervisors, however, that their opposition to the employer's practices was based on grounds of

discrimination and not merely a personality conflict or a professional dispute. See *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411-12 (9th Cir. 1987).

Courts have interpreted very broadly the second element of the prima facie case, adverse employment action. This condition has been satisfied by disadvantageous transfers, delays in reinstatement, refusal to transfer, refusal to promote, unfavorable job evaluations, and other similar actions. See *Lex K. Larson, Employment Discrimination* P 34.04 (2nd Ed. 1995); *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir. 1987) (considering transfers of job duties and undeserved employment ratings as adverse employment decisions). The Ninth Circuit has found adverse employment action even in a transfer to a job with the same pay and status. *St. John v. Employment Development Dept.,* 642 F.2d 273, 274 (9th Cir. 1981).

The third element of plaintiffs' prima facie case is a showing of a causal link between their protected activity and the adverse employment action. For purposes of the prima facie case, in the absence of direct evidence, the causal link is frequently inferred from two elements of circumstantial evidence: first, the defendant knew of the plaintiff's protected activity at the time the adverse action was taken, *Yartzoff,* 809 F.2d at 1376; *Miller v. Fairchild Indus.,* 797 F.2d 727, 731 (9th Cir. 1986), and

second, there was closeness in time between the protected action and the allegedly retaliatory, employment decision. *Yartzoff*, 809 F.2d at 1376 (finding sufficient proximity where the gap was less than three months); *Miller*, 797 F.2d at 732 (proximity sufficient where less than two months passed).

Here, looking in a light most favorable to the Plaintiff, being asked to complete billing Plaintiff was obligated to complete as part of his job duties cannot be considered an adverse action. And the lack of temporal proximity between Plaintiff's reporting, summer and fall of 2017 and Plaintiff's July 13, 2018 termination is too far attenuated to qualify under the seminal case of *Yartzoff*. Further, as Plaintiff claims he was harassed after reporting sex discrimination in the summer and fall of 2017, ***Plaintiff was required to file a complaint for retaliation with the EEOC no later than March 2018***.

Accordingly, Counts 2 and 8 of Plaintiff's complaint are barred by the Title VII Statute of Limitations.

## XII. PLAINTIFF'S ALLEGED WHISTLEBLOWER RETALIATION IN VIOLATION OF HRS §378-62, §378-63 ET-AL (COUNT 5) MUST BE DISMISSED FOR FAILURE TO PLEAD PLAUSIBLE FACTS UNDER *BELL ATLANTIC CORP V. TWOMBLY*, 550 U.S. 544 (2007) AND *ASHCROFT V. IQBAL*, 556 U.S. 662 (2009).

A HWPA claim contains the following three elements: (1) the employee engaged in protected conduct as it is defined by the HWPA; (2)

the employer has taken some adverse action against the employee; and (3)

there is a causal connection between the alleged retaliation and the

"whistleblowing." *Griffin v. JTSI, Inc.*, 654 F.Supp.2d 1122, 1130-31 (D.

Haw. 2008) (citing *Crosby v. State Dep't of Budget & Fin.*, 76 Haw. 332,

876 P.2d 1300, 1994 Haw. LEXIS 45 (Haw. 1994), cert. denied, 513 U.S.

1081, 115 S. Ct. 731, 130 L. Ed. 2d 635, 1995 U.S. LEXIS 156 (U.S. 1995).

See also *Lopes v. Kapiolani Med. Ctr.*, 410 F. Supp. 2d 939, 2005 U.S. Dist.

LEXIS 39466 (D. Haw. 2005) ("Furthermore, the employee established that

he had made a report to his employer regarding a violation or suspected

violation of the Emergency Medical Treatment and Active Labor Act

(EMTALA), 42 U.S.C.S. § 1395dd et seq., and therefore engaged in

protected activity under the HWPA").

To have engaged in a protected activity under the Whistleblower's

Protection Act, ***the plaintiff reasonably must believe a violation of law,***

***regulation, or rule has occurred****. See Melchi v. Burns, Int'l Sec. Serv. Ind.*,

597 F. Supp. 575 (E.D. Mich. 1984).

"To show that an employee's protected conduct was a 'substantial or

motivating factor' in the employer's decision to terminate, 'a plaintiff can

introduce evidence regarding the 'proximity in time between the protected

action and the allegedly retaliatory employment decision,' from which a 'jury

logically could infer [that the plaintiff] was terminated in retaliation[.]'" Id. at 1132. (quoting *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003)). "Though an employee may always present direct evidence of motive, proximity in time is one type of circumstantial evidence that is sufficient on its own to meet the plaintiff's burden." *Id.* at 1133. See, e.g., *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1996) (four-month period between protected activity and layoff sufficiently close to show "causal link"); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (three-month period sufficient to infer causation); *Flait v. North Am. Watch Corp.,* 3 Cal. App. 4th 467, 4 Cal. Rptr. 2d 522, 529-30 (App. 1992.) (sufficient causal link where supervisor who terminated employee had made sexist comments to another employee and fired employee five months after a confrontation). The Motion should be granted as there is no direct evidence and the circumstantial evidence of timing alone would be too remote in time as there is approximately a year between when Plaintiff reported and when Plaintiff was terminated.

## XIII. PLAINTIFF'S ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT 6) MUST BE DISMISSED AS IT IS PREEMPTION BY THE HAWAII WORKERS' COMPENSATION ACT, HRS § 386-5.

Because Plaintiff's sex harassment Title VII direct claims are time barred by the applicable statute of limitations, the derivative claim for IIED which cannot be tied to a time barred claim, is likewise barred. Stand-alone claims not resulting from an actionable sexual harassment or sexual assault claim are barred by this section. The exclusivity exception for emotional distress claims premised on sexual harassment or sexual assault encompasses both intentional and negligent infliction of emotional distress claims. *Black v. City & County of Honolulu*, 112 F. Supp. 2d 1041, 2000 U.S. Dist. LEXIS 13156 (D. Haw. 2000).

The Ninth Circuit has held that under the law of Hawaii, plaintiff's separate claim against employer for intentional infliction of emotional distress is barred by this section. See *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 1990 U.S. App. LEXIS 4123 (9th Cir. 1990).

Additionally, a plaintiff must show that defendants' actions were without just cause or excuse and beyond the bounds of decency, extreme and outrageous. *Bragalone v. Kona Coast Resort Joint Venture*, 866 F. Supp. 1285, 1994 U.S. Dist. LEXIS 14017 (D. Haw. 1994). Plaintiff cannot make this showing of outrageousness necessary to maintain plaintiff's claim. See *Ellison v. Northwest Airlines*, 938 F. Supp. 1503, 1996 U.S. Dist. LEXIS

13979 (D. Haw. 1996)(Exclusivity provision of this section barred former employee's negligent infliction of emotional distress claim against former supervisor because it was not related to a claim of sexual harassment or sexual assault).  See also *Wangler v. Hawaiian Electric Co.*, 742 F. Supp. 1465, 1990 U.S. Dist. LEXIS 9984 (D. Haw. 1990)(Even if employee's injuries from sexual harassment and discrimination were aggravated by defendants' alleged fraud and cover-up, a claim stemming from those injuries would be barred as a matter of law by the exclusivity provision of the Hawaii workers' compensation statute; *Luzon v. Atlas Ins. Agency, Inc.*, 284 F. Supp. 2d 1261, 2003 U.S. Dist. LEXIS 17078 (D. Haw. 2003)(Two private insurance companies for which an employee worked and the employee's immediate supervisor were granted judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the employee's negligent infliction of emotional distress claim because the claim was barred by HRS § 386-5 where the employee did not claim sexual harassment or assault).

Plaintiff's alleged INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Count 6) must be dismissed as it is preempted by the Hawaii Workers' Compensation Act, HRS § 386-5.

**XIV.  PLAINTIFF'S ALLEGED DEFAMATION CLAIM (COUNT 7) MUST BE DISMISSED AS IT IS PREEMPTED BY THE HAWAII WORKERS' COMPENSATION ACT, HRS § 386-5.**

HRS § 386-5. Exclusiveness of right to compensation; exception, provides:

The rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

HRS § 386-5

In return for furthering the legitimate state interest of securing sure compensation for those injured and their dependents, the legislature enacted this section to absolve employers of all liability save that imposed by statute. *Estate of Coates v. Pacific Eng'g*, 71 Haw. 358, 791 P.2d 1257, 1990 Haw. LEXIS 35 (Haw. 1990).

The statute is clear: workers' compensation is an employee's exclusive remedy for work injuries, except for claims arising from "sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto."*Antoku v. Hawaiian Elec. Co.*, 266 F. Supp. 2d 1233, 2003 U.S. Dist. LEXIS 9504 (D. Haw.2003).

Plaintiff's alleged DEFAMATION claim (Count 7) must be dismissed as it is preempted by the Hawaii Workers' Compensation Act, HRS § 386-5.

## XV. PLAINTIFF'S ALLEGED WRONGFUL TERMINATION WHISTLEBLOWERS PROTECTION ACT, HRS 21 §378-62, §378-63

**ET-AL CLAIM (COUNT 9) MUST BE DISMISSED AS PLAINTIFF HAS PLED NOTHING PLAUSIBLE UNDER *BELL ATLANTIC CORP V. TWOMBLY*, 550 U.S. 544 (2007) AND *ASHCROFT V. IQBAL*, 556 U.S. 662 (2009).**

Plaintiff has pled nothing plausible under *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal, 556 U.S. 662 (2009),* as Plaintiff admits is his FAC that he has no evidence that any money was ever stolen, i.e. no evidence that would lead to a subjective belief in good faith that any money was missing. Independent auditors cleared the agency of any wrongdoing. See FAC ¶¶ 735-789. See also prior arguments as to Count 5 which Defendants incorporate by reference.

Accordingly, count 10 of Plaintiff's FAC must be dismissed with prejudice.

**XVI.  PLAINTIFF'S ALLEGED THEFT OR BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS-18 U.S. CODE § 666- PRIVATE ATTORNEY GENERAL DOCTRINE CLAIM (COUNT 10) MUST BE DISMISSED AS PLAINTIFF LACKS STANDING TO PURSUE THIS CLAIM AS PLAINTIFF IS NOT A STATE OR FEDERAL PROSECUTOR.**

Pursuant to 18 U.S.C. 666 - Theft or bribery concerning programs receiving Federal funds is prosecuted by the Department of Justice. Plaintiff does not have standing to prosecute offenses under the U.S. Criminal Code.

See United States Code, 2006 Edition, Supplement 5, Title 18 - CRIMES AND CRIMINAL PROCEDURE.

Section 666 establishes criminal liability for agents of any organization, government, or agency who "corruptly" solicit, demand, accept, or agree to accept anything in value," in order to be "influenced or rewarded" in connection with a transaction worth $5,000 or more. 18 U.S.C. § 666(a)(1)(B) (2006)

Section 666 has "long [been] a favorite weapon of federal prosecutor." Alain Leibman, Fifth Circuit Pulls Back the Reach of 18 U.S.C. § 666 as It Relates to Bribery of Local Judges, WHITE COLLAR DEF. AND COMPLIANCE (Jan. 18, 2010), http://whitecollarcrime.foxrothschild. com/2010/01/articles/offense-elements/fifth-circuitpulls-back-the-reach-of-18-usc-a-666-as-it-relates-to-bribery-of-local-judges/. 218. 18 U.S.C. § 1951(b)(2) (2006).

Plaintiff lacks standing as Plaintiff is not a state or federal prosecutor. Accordingly, count 10 of Plaintiff's FAC must be dismissed with prejudice.

## XVII. PLAINTIFF'S ALLEGED BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM (COUNT 11) MUST BE DISMISSED AS THE HAWAII SUPREME COURT DECLINED TO RECOGNIZE AN IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING IN AN "AT-WILL" EMPLOYMENT TYPE CASE.

Plaintiff's Employment with HDRC was at will. Plaintiff had no contract with HDRC. Hawaii does not recognize an implied duty of good faith and fair dealing in an "at-will" employment type case. See *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625 (1982), which declined to impose a duty of good faith on parties to an at-will employment contract. See also *Francis v. Lee Enters.*, 89 Hawai'i 234, 242, 971 P.2d 707, 715 (1999).

Accordingly, count 11 of Plaintiff's FAC must be dismissed with prejudice.

**XVIII. UNDER *BELL ATLANTIC CORP V. TWOMBLY*, 550 U.S. 544 (2007) AND *ASHCROFT V. IQBAL*, 556 U.S. 662 (2009), PLAINTIFF HAS FAILED TO ALLEGE ENOUGH FACTS (COUNT 12) TO SHOW THAT AN ATTORNEY-CLIENT RELATIONSHIP EXISTED BETWEEN PLAINTIFF, THE DIRECTOR OF LITIGATION AND THEN VOLUNTEER BOARD MEMBER SHAWN A. LUIZ, NOR HAS PLAINTIFF PLAUSIBLY PLED UNDER *TWOMBLY/IQBAL* THAT THERE WERE ANY SPECIFIC ACTS OR OMISSIONS, OR CAUSATION STATING A CAUSE OF ACTION FOR A LEGAL MALPRACTICE TYPE CASE.**

Shawn A. Luiz, Esq. was a Board member of HDRC from May of 2013 to July 13, 2018.  See Lou Erteschik Dec., ¶ 10. Plaintiff in his capacity as Legal Director for HDRC was responsible for giving legal advice to Board Members including but not limited to Shawn A. Luiz, Esq., Andrew Grant, Maryellen Markley, and management including Lou

Erteschik, and Ann Collins, and employees including Jane Miyahara. See

Lou Erteschik Dec., ¶ 4; Exs. 1 and 2.

It is not plausible that Luiz, whom Plaintiff contacted as a Board

Member in the fall of 2017 to uphold his fiduciary duty to the Corporation

(by investigating Lou and Ann) was somehow transformed into Plaintiff's

attorney. Plaintiff has not plead any plausible facts under *Twombly/Iqbal*

such as the existence of an attorney-client relationship, i.e. existence of a

contingency fee agreement or an hourly fee agreement, engagement letter,

billing statements, correspondence, etc. establishing the existence of an

attorney-client relationship.  Plaintiff instead pleads a legal conclusion that

Plaintiff retained Shawn A. Luiz, Esq., an HDRC Board Director, without

pleading any factual basis for the existence of an attorney-client relationship.

See FAC ¶¶ 852-930.  This, even though Plaintiff was required as part of his

job duties to give legal advice to all Board Members including Luiz.  See

Ex. 1 and 2.

Plaintiff pled nothing plausible under *Twombly/Iqbal* as a factual basis

for the existence of an attorney-client relationship.  See FAC ¶¶ 852-930.

Luiz owed Plaintiff no duty as a HDRC Board Director. Plaintiff's current

subjective belief with nothing more is insufficient to state a cause of action

under *Twombly/Iqbal*. As a HDRC Board Director Luiz owed a fiduciary

duty to HDRC not Plaintiff. See HRS 414D.  Plaintiff's prior belief was that

he never had any attorney representing him and was going to find an

attorney based on his own admission. See Dec. of Shawn A. Luiz, ¶ 4,

Exhibit 5.

In *Taniguchi v. Ass'n of Apartment Owners of King Manor, Inc.,* 114

Hawai'i 37, 50, 155 P.3d 1138, 1151 (2007), the Hawai'i Supreme Court

held:

"It is a well established rule both in Hawai'i and in a majority of the States
that the relation of directors to the corporations they represent is a fiduciary
one." *Hawaiian Int'l Fins. v. Pablo,* 53 Haw. 149, 153, 488 P.2d 1172, 1175
(1971) (citations [**411]  [*111]  omitted). Further, "[a] corporate officer
is an agent for his corporate principal." *Williams v. Queen Fisheries,* 2
Wash. App. 691, 469 P.2d 583, 585 (1970).


In general, the elements of a cause of action for legal malpractice are:

(1) the attorney-client relationship or other basis for duty; (2) a negligent act

or omission; (3) causation and (4) damages. *Kurinij v. Hanna & Morton, 55*

*Cal.App.4th 853, 863, 64 Cal. Rptr. 2d 324 (1997).*

As HDRC's Director Luiz could not plausibly also be Plaintiff's

attorney which is a recently contrived claim from Plaintiff after Shawn A.

Luiz began defending HDRC against Plaintiff's claims.

Moreover, Plaintiff has failed to plead any plausible specific errors or

omissions or causation under *Twombly/Iqbal*. Plaintiff pled zero specific

errors or omissions giving rise to liability against Luiz. See FAC ¶¶ 852-930.

Luiz simply repeated to Plaintiff what he heard at a monthly Board meeting

was the state of Plaintiff's employment at that time in the fall of 2017. See

FAC ¶¶ 852-930. Plaintiff was subsequently fired for misconduct, which

Shawn A. Luiz, knew nothing of at the time. Plaintiff then sat on all his

legal rights and failed to take decisive action within his Title VII statute of

limitation. Plaintiff has failed to plead any plausible causation that caused

Plaintiff's injury. See FAC ¶¶ 852-930. Luiz repeating to Plaintiff what

Luiz heard in an HDRC Board meeting, that Plaintiff's job was secure in the

fall of 2017 cannot amount to a specific error or omission as Plaintiff's job

was in fact secure in the fall of 2017.

With regard to causation, a legal malpractice case "is the type of case

that imposes a burden on a plaintiff . . . in conducting 'a trial within a trial,'

i.e. it is necessary for plaintiff to prove both the attorney's negligence and

also what the outcome of the mishandled litigation would have been if it had

been properly tried." *Collins v. Greenstein, 61 Haw. 26, 38, 595 P.2d 275,*

*282 (1979).* Moreover, "[w]here reasonable persons would not dispute the

absence of causality . . . the court may take the decision from the jury and

treat it as a question of law." *Id. at 42, 595 P.2d at 284, (citing Ishmael v.*

*Millington, 241 Cal.App.2d 520, 525-26, 50 Cal. Rptr. 592 (1966)).*

Ultimately, "where there is no conflict from the evidence and but one inference can be drawn from the facts, it is the duty of the court to pass upon the question of negligence and proximate cause as questions of law." *Collins, 61 Haw. at 38, 595 P.2d at 282 (internal quotation marks omitted) (quoting Young v. Price, 47 Haw. 309, 313, 388 P.2d 203, 206 (1963)).*

Plaintiff has failed to plead any plausible attorney-client relationship, specific errors or omissions or causation under *Twombly/Iqbal* and Count 12 must be dismissed with prejudice.

## XIX. PLAINTIFF'S CLAIMS ARE BARRED BY PRINCIPLES OF COLLATERAL ESTOPPEL AS PLAINTIFF FULLY LITIGATED HIS CLAIMS IN THE HAWAII UNEMPLOYMENT CASE AND WAS FOUND (1) TO HAVE BEEN DISCHARGED FOR CONTINUOUS AND WILLFUL MISCONDUCT AND (2) THE HEARINGS OFFICER FOUND THAT PLAINTIFF WAS NEVER RETALIATED AGAINST BUT RATHER PLAINTIFF'S CLAIMS OF MISCONDUCT AND RETALIATION BY BOARD MEMBERS, MANAGEMENT AND EMPLOYEES WERE FOUND TO BE MALICIOUS AND FALSE.

Plaintiff should be estopped from litigating the instant action based on the doctrine of collateral estoppel, as the unemployment administrative hearings officer ruled that Plaintiff was discharged for misconduct. See, e.g., Santos v. State, Dept. of Transp., Kauai Div., 64 Haw. 648, 652 (1982) "Collateral estoppel is an aspect of res judicata which precludes the relitigation of a fact or issue which was previously determined in a prior suit

on a different claim between the same parties or their privies." (citations

omitted). The three critical issues in determining whether the principles of

res judicata and collateral estoppel are applicable are: Was the issue decided

in the prior adjudication identical with the one presented in the action in

question? Was there a final judgment on the merits? Was the party against

whom the plea is asserted a party or in privity with a party to the prior

adjudication?" Id. at 653. The answer to these three questions in Plaintiff's

case is "yes". See Unemployment Decision attached hereto.  Further, "[t]he

doctrines of res judicata and collateral estoppel also apply to matters

litigated before an administrative agency." Id.  See also *Donovan v.*

*Diplomat Envelope Corp.*, 587 F. Supp. 1417, 1420-21 (1984), aff'd without

opinion, 760 F.2d 253 (2d Cir. 1985) (Secretary of Labor collaterally

estopped in OSHA action alleging employee discharged for complaining

about statutory violations by determination in unemployment compensation

proceeding that employee discharged for walking off job).

In *Osborne v. Kelly*, 207 Ill. App. 3d 488, 565 N.E.2d 1340 (1991),

the board of review in an unemployment compensation case found that the

employee voluntarily left work without good cause attributable to the

employer. Id. at 490, 565 N.E.2d at 1341. When the employee filed an action

for retaliatory discharge, the Illinois Appellate Court found that the board of

review's determination required dismissal of the subsequent action on the basis of collateral estoppel. Id. at 492, 565 N.E.2d at 1343. The court noted that the identical issue of whether plaintiff was discharged or quit was presented in both proceedings. Id. The plaintiff was therefore bound by the board of review's decision, which precluded him from establishing that he was discharged, an essential element of the wrongful discharge claim. 207 Ill. App. 3d at 492, 565 N.E.2d at 1342-43. The court also found that the proceeding was sufficiently judicial in nature for the application of collateral estoppel, stating that " [p]rocedures for adjudicating disputed unemployment claims are mandated by statute and provide for judicial review. [citation omitted]. The administrative determination of plaintiff's claim was reached after a sufficiently extensive and adversarial hearing, conducted under oath and on the record." Id. at 491, 565 N.E.2d at 1342.

In *Woods v. Bulova Watch Co.*, 88 Lab. Cas. (CCH) , 12,045 (E.D.N.Y. 1980), the same result was reached in a case alleging breach of contract under § 301 of the Labor Management Relations Act. The determination in the unemployment compensation proceeding that plaintiff was discharged for insubordination, which was a proper ground for termination under the contract, collaterally estopped plaintiff from relitigating the issue, and the complaint was dismissed.

As the Illinois Appellate Court held in Osborne, the Ohio court found

that procedural requirements were met, and it rejected plaintiff's contention

that findings pursuant to a relaxed and abbreviated procedure such as that

provided by the unemployment statute should not be given preclusive effect.

21 Ohio App. 3d at 293-94, 488 N.E.2d at 492. Although no transcript of the

unemployment hearing was in the record before the court, the court

presumed that the proceedings were regular and noted that plaintiff had an

opportunity to produce evidence, give testimony, cross-examine witnesses,

and appeal the decision of the referee. 21 Ohio App. 3d at 294, 488 N.E.2d

at 492; accord *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 467 N.E.2d 487,

478 N.Y.S.2d 823 (1984); *Burka v. New York City Transit Auth.*, 739 F.

Supp. 814 (S.D.N.Y. 1990). In Ryan, the court found that an unemployment

compensation decision finding Ryan guilty of unauthorized removal and

possession of company property, which was misconduct sufficient to

disqualify him from unemployment benefits, precluded his civil action for

false arrest, malicious prosecution, defamation, and wrongful discharge. 62

N.Y.2d at 502-03, 467 N.E.2d at 491-92, 478 N.Y.S.2d at 827-28. The

issues were identical according to the court, since the findings in the

unemployment case would preclude Ryan from establishing the necessary

elements of each count of his civil complaint. Further, the court found that

Ryan litigated the issue, testified in the unemployment hearing, and cross-examined witnesses through his union representative. Id. at 503, 467 N.E.2d at 492, 478 N.Y.S.2d at 828. The absence of counsel for Ryan was not determinative since Ryan had chosen to appear without counsel and opted to be represented by a demonstrably competent union representative. Id. at 504, 467 N .E.2d at 492, 478 N.Y.S.2d at 828. In *Burka*, the court held that the finding in an unemployment compensation proceeding that the employee did not engage in the misconduct of drug use had collateral estoppel effect against the employer in a later statutory civil service proceeding challenging his discharge. 739 F. Supp. at 845-47. The court found the issues identical and noted that although the employer pursued an inexpensive strategy in the hearing of relying on a drug test report alone, the failure of that strategy did not warrant denial of collateral estoppel. The court cited the Ryan court's conclusion that a free choice to litigate the unemployment hearing in a particular way did not indicate lack of a full and fair opportunity to litigate the issue. Id. at 846.

The Pennsylvania Superior Court in *Frederick v. American Hardware Supply Co*. 384 Pa. Super. 72, 557 A.2d 779, appeal denied, 523 Pa. 636, 565 A.2d 445 (1989). applied collateral estoppel to bar a wrongful discharge claim by employees when the Unemployment Compensation Board of

Review, affirmed by the commonwealth court, found that the employees were discharged for willful misconduct. The *Frederick* court focused primarily on the question of whether the issues decided in the unemployment compensation proceeding and alleged in the wrongful discharge case were identical, noting that "the other elements of collateral estoppel are clearly present .... " Id. at 76, 557 A.2d at 781. The court cited these elements as identity of parties, an opportunity to litigate the issue on the merits in the unemployment compensation proceeding, and a final judgment in the unemployment compensation proceeding. According to the court, assuming arguendo that the employee handbook created an implied contract, the contract required good cause for discharge. Id. at 77-78, 557 A.2d at 781. The board of review's determination that the employees engaged in willful misconduct was a binding factual finding that good cause existed. Id. at 78, 557 A.2d at 781. Accordingly, the doctrine of estoppel required affirmation of the trial court's order of summary judgment against the plaintiffs. Id. The Federal District Court for the Western District of Michigan, applying Michigan law, reached a similar result in *Carlson v. Federal Express Corp.*, 107 Lab. Cas. (CCR) , 55,838 (W.D. Mich. 1987). The court found that a determination of misconduct under the unemployment compensation statute precluded a contractual claim that the discharge was not for just cause. Id.

The implication of this conclusion is that a finding of misconduct will bar an employee's wrongful discharge claim, but a finding of no misconduct will not preclude the employer from defending such a claim on the ground that just cause for discharge existed. Cf. *Mitchell v. Jewel Food Stores*, 189 Ill. App. 3d 450, 545 N.E.2d 337 (1989), rev'd on other grounds, 142 Ill. 2d 152, 568 N.E.2d 827 (1990). The court in Carlson also found that the statutory right to a fair hearing on the unemployment claim, with a written decision setting forth findings of fact and the reasons for the decision, as well as the existence of a right to appeal from the decision, constituted adequate procedural protection for the application of collateral estoppel. 107 Lab. Cas. (CCR), 55,838 (W.D. Mich. 1987). Federal District Court for the Southern District of Indiana applied collateral estoppel to bar an employer from relitigating the issue of whether there was just cause for an employee's discharge in the employee's action for breach of contract. *Spearman v. Delco Remy Div. of GM Corp.*, 717 F. Supp. 1351 (1989). The court found that the issues were identical, that the parties had a full and fair opportunity to litigate using counsel and calling witnesses, and that the agency making the initial ruling had acted in a judicial capacity, since it was a decision by the Board of Review rather than a mere referee. Id. at 1357-59. Accordingly,

Plaintiff's claims in this federal lawsuit should be barred as Plaintiff litigated and lost the same issues in the unemployment case.

## XX.   CONCLUSION.

For the foregoing reasons, Defendants' motion should be granted.

## XI.   FRCP RULE 7.5 (A) AND (B) CERTIFICATION.

I, Shawn A. Luiz, Esq. hereby certify in accordance with LR Rule 7.5 (a), (b) and (e) the forgoing motion to dismiss complies with the applicable word limitation and contains no more than 8,822 words. The brief's type size is Times New Roman 14 font.

DATED:     Honolulu, Hawaii, February 21, 2019.

/s/ SHAWN A. LUIZ
SHAWN A. LUIZ
Attorney for Defendants