IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW C. BASSETT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HAWAII DISABILITY RIGHTS CENTER, et al.,<br><br>　　　　　Defendants. | CIV. NO. 18-00475 JMS-KJM<br><br>ORDER: (1) GRANTING MOTION TO DISMISS, ECF NO. 12; (2) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; (3) DENYING MOTION FOR SANCTIONS, ECF NO. 23; AND (4) SUBMITTING CASE TO MEDIATION |

**ORDER: (1) GRANTING MOTION TO DISMISS, ECF NO. 12; (2) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; (3) DENYING MOTION FOR SANCTIONS, ECF NO. 23; AND (4) SUBMITTING CASE TO MEDIATION**

## I. INTRODUCTION

On January 16, 2019, pro se[1] Plaintiff Matthew C. Bassett ("Plaintiff" or "Bassett") brought a number of claims in his First Amended Complaint ("FAC") against Defendants Hawaii Disability Rights Center ("the Center"), Louis Erteschik ("Erteschik"), Ann E. Collins ("Collins"), Jane Miyahara ("Miyahara"),

---

[1] Plaintiff Matthew C. Bassett is an attorney. First Amended Complaint, ECF No. 6 at PageID #345.

1

Andrew Grant ("Grant"), Maryellen Markley ("Markley"), and Shawn Anthony Luiz ("Luiz") (collectively, "Defendants"). ECF No. 6.

On February 21, 2019, the Center, Erteschik, and Miyahara filed their Federal Rules of Civil Procedure 12(b)(6) and/or 12(b)(1) Motion to Dismiss ("Motion to Dismiss"), ECF No. 12, and the next day, the same defendants filed an Addendum to the Motion to Dismiss, ECF No. 13. On March 18, 2019, Grant, Markley, and Luiz filed a Joinder in the Motion to Dismiss, ECF No. 20, and the next day Collins also filed a Joinder in the Motion to Dismiss, ECF No. 22. On April 26, 2019, Bassett filed his Opposition, ECF No. 31, and on May 3, 2019, Defendants filed their Reply, ECF No. 34. On May 20, 2019 (before the hearing), Bassett filed his Motion for Leave to File a Second Amended Complaint, ECF No. 37, and attached a proposed Second Amended Complaint, ECF No. 37-2.[2]

On March 19, 2019, Defendants filed their Motion for Sanctions. ECF No. 23. On April 26, 2019, Bassett filed his Opposition, ECF No. 32, and on May 3, 2019, Defendants filed their Reply, ECF No. 35. A hearing was held on the Motion to Dismiss and the Motion for Sanctions on May 20, 2019.

---

[2] The Motion for Leave to File a Second Amended Complaint, ECF No. 37, is DENIED. While the court will allow Bassett to amend the FAC if mediation is unsuccessful, the proposed Second Amended Complaint, ECF No. 37-2, suffers from the same Rule 8(a) issues as the FAC — it is confusing, repetitive, and far too long (164 pages, 777 paragraphs).

The FAC brings the following claims: (1) Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) Retaliation in Violation of Title VII ; (3) Sexual Harassment and Hostile Work Environment; (4) Failure to Prevent Discrimination and Harassment; (5) Whistleblower Retaliation in Violation of HRS Section 378-62, et al.; (6) Intentional Infliction of Emotional Distress; (7) Defamation/Libel Per Se; (8) Wrongful Termination — Sexual Discrimination & Retaliation; (9) Wrongful Termination — Whistleblowers Protection Act, HRS Section 378, et al.; (10) Theft Concerning Programs Receiving Federal Funds, 18 U.S.C. Section 666, HRS Section 414D-302, et al.; (11) Breach of Implied Covenant of Good Faith and Fair Dealing; and (12) Legal Malpractice — Breach of Fiduciary Duty. ECF No. 6.

In the FAC, Bassett alleges that: (1) he was sexually harassed by Collins and retaliated against for refusing her sexual advances, *id.* ¶¶ 56-103; (2) he reported the sexual harassment to Erteschik and was retaliated against for reporting, *id.* ¶¶ 148, 156, 160-61; (3) he reported to Erteschik that Collins was misusing federal funds from the workplace and was retaliated against for reporting, *see id.* ¶¶ 164, 169; and (4) Bassett filed an Equal Employment Opportunity Commission complaint and was fired in retaliation for filing the complaint, *id.* ¶¶ 7, 171.

Based on the following, the court GRANTS the Motion to Dismiss under Rule 8(a) and DENIES the Motion for Sanctions. As discussed at the hearing, the court SUBMITS the case to mediation and DISMISSES the FAC with leave to amend if mediation is unsuccessful.

## II. DISCUSSION

### A. Motion to Dismiss

Defendants assert that the FAC violates Rule 8(a) because it is not a "short and plain statement." ECF No. 12. The court agrees.

Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A pleading that is overly lengthy and confusing violates Rule 8(a). *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) ("The Rule is also violated, though, when a pleading says *too much*."); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("Although normally 'verbosity or length is not by itself a basis for dismissing a complaint,' we have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise." (internal citation omitted)) (listing cases). "While 'the proper length and level of clarity for a pleading cannot be defined with

any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso*, 637 F.3d at 1059 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)). Further, overly lengthy and opaque pleadings waste the time of the court and the opposing party. *See id.*

The FAC is 195 pages long with 930 paragraphs and is repetitive and confusing. *See* ECF No. 6. And Bassett does not even start to list his causes of action until page 98 of the FAC. *See id.* at PageID #248. It appears that Bassett is focused on venting his frustrations and presenting all of his trial evidence rather than providing "a short and plain statement" of his claims. Contrary to Bassett's assertions, *see* ECF No. 31 at PageID #554, the matters in this case are not so complicated as to warrant such a long and detailed statement[3] — "[o]ur district

---

[3] Pleadings of similar or shorter length have been dismissed for violating Rule 8(a). *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming a Rule 8(a) dismissal when "[the pleading was] fifty-three pages long, and mixes allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming a Rule 8(a) dismissal when "complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming a Rule 8(a) dismissal when "[t]he second complaint was 23 pages long with 24 pages of addenda, named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming a Rule 8(a) dismissal when "[t]his instrument alone is 30 pages in length and, it would

(continued . . .)

courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations." *Cafasso*, 637 F.3d at 1059.

Further, while pro se complaints like this one are ordinarily liberally construed and "held to less stringent standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se attorneys generally "cannot claim the special consideration which the courts customarily grant to *pro se* parties," *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007); *Godlove v. Bamberger, Foreman, Oswald & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 234 (D.D.C. 2007); *Price v. Peerson*, 2014 WL 12579823, at *4 (C.D. Cal. May 15, 2014), *aff'd*, 643 F. App'x 637 (9th Cir. 2016). The court will not grant Bassett such special consideration here.

Thus, the FAC is dismissed in its entirety with leave to amend for the purpose of shortening and making plain Bassett's claims. Because the court has dismissed the FAC on Rule 8(a) grounds, the court will not address Defendants' remaining arguments. However, this Order is made without prejudice to

---

appear that the attorney . . . was attempting to write a confusing statement of a non-existing cause of action").

Defendants later raising these other arguments, if needed, after the FAC has been amended.

**B.      Motion for Sanctions**

Defendants seek sanctions pursuant to Rule 11, arguing that the FAC is frivolous, *see* ECF No. 23-2 at PageID #466, and violates Rule 8(a)'s "short and plain requirement" because it is too long, ECF No. 23 at PageID #454. Defendants seek recovery of attorney fees and costs, and "any other additional or alternative relief this Court deems to be just, proper and equitable . . . ." *Id.* The court disagrees.

Federal Rule of Civil Procedure 11(b) requires that parties present arguments that are warranted by the law and non-frivolous:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying,

> or reversing existing law or for establishing new
> law . . . .

Fed. R. C. P. 11(b).

In determining whether a party has violated Rule 11, the court applies an objective reasonableness standard. *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003) ("The standard governing both the 'improper purpose' and 'frivolous' inquiries is objective."). A showing of subjective bad faith is not required. *Id.* ("The subjective intent of the movant . . . is of no moment."); *see also Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (noting that sanctions cannot be avoided by the "pure heart and empty head" defense).

Moving for Rule 11 sanctions against Bassett is premature. It is too early to determine if all of Bassett's claims are frivolous, and the court is granting him leave to amend the FAC. *See Horowitz v. Sulla*, 2015 WL 5439227, at *10 (D. Haw. Sept. 11, 2015) ("Even if [defendant] made an argument that was unsuccessful, this does not justify imposition of sanctions.") (citing *In re Kullgren*, 109 B.R. 949, 955 (Bankr. C.D. Cal. 1990)). Finally, while Bassett's FAC is too long, the court will allow him the opportunity to amend the FAC to make it shorter. Thus, the Motion for Sanctions is DENIED.

///

///

**C.     Mediation**

Pursuant to the Alternative Dispute Resolution Act of 1998, 28 U.S.C. § 651, *et seq.*, and Local Rule 88.1, the court orders the parties to submit to mediation. At the hearing, neither party objected to mediation. The costs of the mediator will be divided evenly between Bassett and the Defendants. If the parties do not agree on a mediator, they must each submit two names of potential mediators to Magistrate Judge Mansfield, who the parties have agreed will then decide on the mediator. Magistrate Judge Mansfield will decide scheduling and deadlines for the mediation. Once the mediation is completed (whether successfully or unsuccessfully), the parties shall inform the court of the outcome within one week.

**D.     Leave to Amend**

If mediation is unsuccessful, the court will then set a date for filing the second amended complaint. Plaintiff will be granted leave to attempt to cure the deficiencies in the FAC set forth above, if possible. If Plaintiff chooses to file a second amended complaint, he should write short, plain statements telling the court: (1) the constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the

9

action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that he names as a defendant. Further, any amended complaint must comply with Federal Rules of Civil Procedure 8, 18, and 20.

A second amended complaint will supersede the FAC and must be complete in itself without reference to prior superseded pleadings. *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). A second amended complaint must state that it is the "Second Amended Complaint," and must be retyped or rewritten in its entirety — it may not incorporate any part of the FAC merely by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).

///

///

///

///

///

///

///

# V. CONCLUSION

For the reasons stated above, the court: (1) GRANTS the Motion to Dismiss as to Rule 8(a); (2) DISMISSES Plaintiff's FAC without prejudice; (3) DENIES the Motion for Sanctions; and (4) SUBMITS the case to mediation. If mediation is unsuccessful, Plaintiff is granted leave to file a second amended complaint that attempts to cure the deficiencies set forth above. The time to file a second amended complaint is tolled while mediation is conducted.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 22, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Bassett v. Haw. Disability Rights Ctr, et al.*, Civ. No. 18-00475 JMS-KJM, Order: (1) Granting Motion to Dismiss, ECF No. 12; (2) Dismissing First Amended Complaint with Leave to Amend; (3) Dismissing Motion for Sanctions, ECF No. 23; and (4) Submitting Case to Mediation