IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW C. BASSETT,<br><br>                Plaintiff,<br>vs.<br><br>HAWAII DISABILITY RIGHTS CENTER,<br><br>                Defendant. | CIV. NO. 18-00475 JMS-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, ECF NO. 121 |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, ECF NO. 121**

**I. INTRODUCTION**

On November 20, 2020, the court issued an Order granting in full Defendant Hawaii Disability Rights Center's ("HDRC" or "Defendant") Motion for Summary Judgment and denying in full Plaintiff Matthew C. Bassett's ("Plaintiff" or "Bassett") Motion for Summary Judgment. ECF No. 117. Accordingly, judgment was entered against Plaintiff as to each of his claims—sexual harassment and retaliation under Title VII, 42 U.S.C. § 2000(e) et seq., and retaliation under the Hawaii Whistleblower Protection Act ("HWPA"), Hawaii Revised Statutes § 378-62 et seq. *Id.* at PageID ## 2245-46; ECF No. 118. On December 3, 2020, Plaintiff filed the Motion for Reconsideration currently before

the court. ECF No. 121. Pursuant to Local Rule 7.1(d), the court decides this matter without a hearing.

As explained more fully below, Bassett falls far short of meeting the rigorous standard for reconsideration. He merely repeats the same conclusory allegations that he asserted in his Motion for Summary Judgment and voices his disagreement with the court's rulings.[1] He also impermissibly introduces "new" evidence that was available to him at the summary judgment stage. Accordingly, Bassett's Motion for Reconsideration is DENIED.

## II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) permits a litigant to file a reconsideration "motion to alter or amend a judgment" within 28 days after entry of the judgment. A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

---

[1] Bassett is an attorney and has been litigating in this district for more than two decades. ECF No. 121 at PageID # 2343. As such, he should be well aware that filing a motion for reconsideration to voice his disagreement with the court and to reiterate unavailing arguments is unacceptable. Indeed, Local Rule 60.1 provides that a motion for reconsideration "may not repeat arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request . . . . A movant who repeats arguments already made for any other reason will be subject to appropriate sanctions."

decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996) (citation omitted).

The Ninth Circuit has announced "four basic grounds upon which a Rule 59(e) motion may be granted": (1) "to correct manifest errors of law or fact"; (2) to consider "newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) to address "an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Ruppersberger v. Ramos*, 2020 WL 4430379, at *1 (D. Haw. July 31, 2020).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). "Mere disagreement with a previous ruling is not a sufficient basis for reconsideration." *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018). That is, Rule 59(e) reconsideration motions are not "the proper vehicles for rehashing old arguments," nor are they "intended to give an unhappy litigant [an] additional chance to sway the judge." *Morgan v. Bank of Am., N.A.*, 2020 WL 5026857, at *2 (E.D. Wash. Aug. 25, 2020) (citations

3

omitted); *see also Rademaker v. Paramo*, 2020 WL 819015, at *1 (S.D. Cal. Feb. 19, 2020) ("'After thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration.") (citation and internal quotation marks omitted).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

### III.  DISCUSSION[2]

The court has struggled to discern the precise legal arguments that Plaintiff attempts to make in his Motion for Reconsideration, which is riddled with rambling and, often times, incomprehensible sentences.[3]  It appears, however, that Plaintiff is arguing for reconsideration because (1) the court made "material errors

---

[2] The factual background of this case was detailed extensively in the Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment, ECF No. 117 at PageID ## 2246-62, and is not repeated here.

[3] *See, e.g.*, ECF No. 121 at PageID # 2344 ("As can be seen from the email dated from January 4 to January 10, 2018 miss Miyahara or extraordinarily cordial to each other and Plaintiff received probably 40!'s."); *id.* at PageID # 2346 ("A clear pretext in which the defendants no longer claim as action deserving of termination."); *id* at PageID # 2348 ("My reports of the board were to both Andrew Grant, Dr. Amanda Kelly, Sean Luiz, Maryellen Markley and I believe a Mr. Bolles, I am not sure of the spelling."); *id.* at PageID # 2350 ("State that once a prima fascia case is established that very little additional evidence is required to raise a genuine issue of fact regarding motive, thereby concluding that summary judgment on the merits is ordinarily inappropriate once a pre-my fascia case has been established.").

of fact"; and (2) because Plaintiff disagrees with the court's legal analysis.[4]  ECF No. 121 at PageID ## 2338, 2349.  But these arguments amount to no more than disagreement with the court's rulings and a recapitulation of the conclusory allegations that Bassett unsuccessfully put forth at the summary judgment stage.

### A.     Factual Error

First, Bassett argues that "[t]he court made material errors of fact regarding the reasons for Plaintiff's termination because of the defendant's fraud." *Id.* at PageID # 2338.  Specifically, Bassett argues that "Defendant's [sic] put on false evidence," *id* at PageID # 2339, and that by relying on this evidence the court was in "clear error."  *Id.* at PageID ## 2343-45.  To support this argument, Plaintiff reiterates the bare and unsubstantiated allegations he made at summary judgment—that Defendant fabricated complaints made against him by clients, staff, and board members as a pretext for his termination.  *Id.* at PageID # 2339

---

[4] Plaintiff also attempts to argue that reconsideration is proper because "[t]he defendant filed their motion for summary judgment late" and, therefore, "[t]he motion should have been properly dismissed for its late filing."  ECF No. 121 at PageID # 2336.  Plaintiff specifically complains that, although Defendant's Motion for Summary Judgment was timely filed, the accompanying exhibits and concise statement of facts were filed one day late.  *Id.*  He also argues that Defendant's reply brief, ECF No. 111, contained a number of minor defects (e.g., it was two pages too long, if one includes the caption and certificate of service in the page count).  *Id.* at PageID # 2337.  Not only are these arguments inadequate bases for reconsideration, Plaintiff failed to raise them at any point during litigation.  Moreover, the irony of these arguments is not lost on the court, given that Plaintiff has repeatedly submitted his own filings late, incorrectly labeled, and lacking proper identification—including filings related to the present Motion.  *See, e.g.*, ECF Nos. 75, 80-85, 94, 98-100, 114, 122-27.

(discussing Defendant's "alternative facts").  But, as in his summary judgment briefing, Plaintiff has provided no *evidence* to substantiate his claims of fraud.  As such, he has wholly failed to show that the court made a manifest error of fact by relying on the evidence in the record.

Bassett's failure to produce any evidence to substantiate his arguments is not for lack of trying.  Indeed, he attempts to bolster his argument as to "material errors of fact" by introducing "[n]ew and additional evidence."  ECF No. 121 at PageID # 2344.  But none of this evidence is "newly discovered or previously unavailable" as required for reconsideration.  *Allstate Ins. Co.*, 634 F.3d at 1111; *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.").

Plaintiff could easily have introduced each piece of purported "new" evidence earlier.  For example, Plaintiff introduces a 200-page transcript of the November 26, 2018 Hawaii Labor Relations Board ("LRB") hearing, along with an audio recording of the same.  ECF Nos. 121-9 to 121-14; ECF Nos. 128-1 & 128-2.  But Plaintiff clearly had access to this evidence at the summary judgment stage, having already introduced an excerpt from the transcript into the record.  ECF No. 75-18.  Plaintiff also newly introduces emails he sent to HDRC board members in June and July 2018, ECF Nos. 121-22 & 121-23; a single email exchange between

6

himself and a client from March 2018, ECF No. 121-24; a single email exchange between himself and Jane Miyahara from January 2018, ECF No. 121-25; and a summary of a fact-finding interview conducted in relation to his unemployment proceeding before the Unemployment Insurance Division ("UID"), also from 2018, ECF No. 121-18.  In addition, Bassett mailed the court MP3s of complete conversations he secretly recorded between himself and Louis Erteschik on June 13 and July 2, 2018.  ECF Nos. 128-3 & 128-4.

Because all of this evidence was available to Plaintiff in 2018 and could have been presented to the court at the summary judgment stage, it does not provide any basis for reconsideration.  *Allstate Ins. Co.*, 634 F.3d at 1111; *see also Oyama v. Univ. of Haw.*, 2013 WL 3296567, at *2 (D. Haw. June 28, 2013) ("To support a motion for reconsideration based upon newly discovered evidence, the movant is obliged to show not only that the evidence was newly discovered or unknown, but also that [he] could not with reasonable diligence have discovered and produced such evidence at the hearing.").

Moreover, even if this evidence was "newly discovered or previously unavailable," it would not change the court's ruling.  Plaintiff argues that the isolated example of polite email exchanges between himself and a client shows that his clients "never" filed complaints against him, making this reason for his termination pretextual.  ECF No. 121 at PageID ## 2339-40.  Similarly, Plaintiff

7

argues that the single instance of a cordial exchange with Miyahara proves that "[t]he assertion that Plaintiff would be rude to Jane Miyahara is preposterous." *Id.* at PageID # 2344. But these isolated emails do not undermine the voluminous record of emails in which Plaintiff displayed aggressive and insulting behavior, nor do they undermine the declarations testifying to the same behavior, nor the complaints lodged against him by staff and clients. *See, e.g.*, Dec. of Louis Erteschik, ECF No. 76-1 at PageID # 1247; Dec. of Jane Miyahara, ECF No. 91-47 at PageID # 1955; Dec. of Maryellen Markley, ECF No. 91-46 at PageID ## 1934, 1936, 1942; ECF No. 75-6 at PageID ## 1180-81; ECF No. 91-16 at PageID # 1735; ECF No. 91-17 at PageID ## 1741-43; ECF No. 75-5 at PageID # 1176; *see generally* ECF Nos. 75-12, 75-19, 91-15, 91-20, 91-21, 91-22, 91-24, 91-27.

Likewise, Plaintiff presents two emails he sent to board members to argue that "[t]he Defendant's assertion in court's assertion [sic] that Plaintiff was disrespectful to board members is clear error." ECF No. 121 at PageID # 2343. But one of these emails is at best neutral, providing an example of Plaintiff making unsubstantiated allegations about his supervisors. *See generally* ECF No. 121-22. The other flatly contradicts his position that "[t]he complaint that Plaintiff was being rude to board members is completely bogus," ECF No. 121 at PageID

8

# 2344, as it contains his unsubstantiated allegations that board member Maryellen Markley is "a fraud," that "something is very wrong with [Markley]," and that "[s]he is as much a doctor as Dr. Pepper or Dr. Dre."  ECF No. 121-23 at PageID # 2679.

The UID factfinding summary reflects substantially the same information as the UID decision already in the record, ECF No. 91-30 at PageID # 1807.  Likewise, the full transcript and audio recordings of the LRB proceeding and the audio recordings of phone calls between Plaintiff and Erteschik do not add any material information not contained in the excerpts already in the record, ECF Nos. 75-18; 104-8; 104-9.  In short, even if the court could consider this evidence, it would not be of a "strongly convincing nature to induce the court to reverse its prior decision," *Donaldson*, 947 F. Supp. at 430, nor of "such magnitude that production of it earlier would have been likely to change the disposition of the [motion]."  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).

**B.     Legal Error**

Plaintiff also disagrees with the court's legal analysis as to his retaliation claims, stating that he "believes that the *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727 ([9th Cir.] 1986) is a better analysis of the current matter."  ECF No. 121 at PageID # 2349.  But "[m]ere disagreement" with the court's ruling is

9

not a basis for reconsideration. *McAllister*, 2018 WL 6682984, at *2. Moreover, Plaintiff's legal argument is incorrect. Plaintiff cites *Fairchild* for the inaccurate proposition that, under the *McDonnell Douglas* framework, a plaintiff need not rebut a Defendant's legitimate reasons for an adverse employment action by showing them to be pretextual if the Plaintiff has established a "pre-my fascia [sic]" case of discrimination. ECF No. 121 at PageID # 2350. But *Fairchild*, consistent with all Ninth Circuit and Supreme Court case law applying the *McDonnell Douglas* framework, including that relied upon by the court in its Order, clearly requires this step. *See, e.g.*, *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280 (9th Cir. 2017) ("Title VII's burden-shifting formula requires that plaintiffs first establish a prima facie case of discrimination. If the plaintiff succeeds in doing so, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. If the employer articulates such a reason, the burden shifts back to the employee to show that the employer's stated reason is a pretext for discrimination.") (quotations, citations, and alterations omitted). *Fairchild* merely states that the *evidence* advanced by the plaintiff to establish the prima facie case under the first step of *McDonnell Douglas* *may* be sufficient to rebut a defendant's showing of legitimate reasons. *Fairchild*, 797 F.2d at 732 ("To show pretext, the plaintiff is not necessarily required to introduce evidence beyond that already offered to establish her prima facie case,

although she may of course provide additional proof of the defendants' unlawful motivation.").

Plaintiff misconstrues this statement as an absolute, arguing that because the court "agrees that plaintiff has established a prima fascia [sic] case[,] [t]herefore, summary judgment . . . is not appropriate." ECF No. 121 at PageID # 2350. Not only does Plaintiff inaccurately represent *Fairchild*, he misconstrues this court's holding. The court did not affirmatively find that Plaintiff established a prima facie case, but instead explained that "because the claim fails on separate grounds, the court *assumes without deciding* that . . . Plaintiff has established a prima facie case for retaliation." ECF No. 117 at PageID # 2279 (emphasis added).

Moreover, in *Fairchild*, the court affirmatively found that the plaintiff put forth *evidence* sufficient to establish a prima facie case of discrimination, assumed *arguendo* that the defendant had put forth legitimate reasoning, and determined that *evidence* supplied to establish the prima facie case could be enough to show pretext.[5] *Fairchild*, 797 F.2d at 732. By contrast, here, while assuming without deciding that Plaintiff had established a prima facie case, the court found ample evidence in the record to support Defendant's legitimate reasons

---

[5] In *Fairchild*, the plaintiffs introduced additional evidence of pretext beyond that relied upon to establish their prima facie case. *Id.*

11

for taking adverse employment actions. *Id.* at PageID ## 2279-82. And when the burden shifted back to Plaintiff, he "offer[ed] no *evidence* (direct or circumstantial) to support [his] bare allegation" that Defendant's adverse employment actions were pretextual. *Id.* at PageID # 2283 (emphasis in original). Thus, even assuming that Plaintiff could properly move for reconsideration on the basis of his "belief" that *Fairchild* provides a "better" analytical framework for analyzing his retaliation claims, he has failed to explain how application of *Fairchild* would change the court's analysis.

## IV. <u>CONCLUSION</u>

Plaintiff has failed to articulate any legitimate reason why he is entitled to the "extraordinary remedy" of reconsideration. Plaintiff's Motion for Reconsideration is therefore DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 15, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Bassett v. Haw. Disability Rights Ctr.*, Civ. No. 18-00475 JMS-KJM, Order Denying Plaintiff's Motion for Reconsideration, ECF No. 121

12